Allen, J.
delivered the following as the opinion of the court:
The court, without considering whether, under the circumstances disclosed in the record of this case, it would be competent to set up and establish by oral testimony such a resulting trust for the benefit of Mary Boyd in the lands described, as by the bill is alleged, is of opinion that the testimony relied on does not prove that said lands were in fact paid for by said Mary Boyd, or that the purchase money was discharged out of any funds belonging to her in the hands of the said John B. Magruder deceased ; and that although said John B. Magruder may have intended said purchase to be for the benefit of his sister the said Mary, and have so declared, such intention and declaration, in the absence of satisfactory proof of the payment of the purchase money, could create no resulting trust in her favour. The court is therefore of opinion that there was no error in the decree, so far as it determined that the heirs of said Mary Boyd deceased were not entitled to demand from such of the heirs of said John B. Magruder deceased, who were not parties to or bound by the said submission and award, a conveyance of the legal title descended to them from their father or ancestor the said John B. Magruder deceased.
The court is further of opinion, that it was competent for the adult heirs who were sui juris to enter into the submission in the proceedings mentioned, notwithstanding there were other heirs interested in the subject who were not parties; that the award made in pursuance of such submission is binding on the parties to the submission, according to the terms thereof; and that the plaintiffs are entitled, as against such parties to the submission who laboured under no disability of coverture, to a specific execution of the award, by a conveyance of any legal title to the lands aforesaid which has descended to them respectively, and also to their legal remedy for any breach of the award or agreement of submission in any other respect.
*764 The court is further of opinion, that as it appears by amended bill, which has been taken for confessed, that John B. Magruder junior, one of the parties to the submission, has departed this life intestate and without issue, whereby his interest in said lands has descended to his mother, brothers and sisters and their deseendants, those who were not parties to or bound by the award, as well as those who were, are necessary parties in a suit by the plaintiffs to procure a conveyance of the legal title vested in said John B. Magruder junior; and therefore it was erroneous to dismiss the bill as to any of the defendants, as the plaintiffs, to this extent, were entitled to relief against all.
The court is further of opinion, that as the parties bound by the award were made defendants by the amended bill, which was taken for confessed, under the allegations thereof the specific execution of the award, by a conveyance of the interest in the lands held by the parties bound by the award, was the only matter in issue, and the only relief which can properly be given is a decree for a conveyance to the plaintiffs, by the parties bound by the award and their representatives, of such interest in said lands as was vested in said parlies bound by the award, with covenants of special warranty; but such decree to be without prejudice to the right of the plaintiffs to proceed at law for any other matter embraced in the award, or to recover for any failure to comply with the terms of the award and the submission in any other respect.
The court is therefore of opinion, that said decree dismissing the original and amended bills with costs was erroneous, and that the same be reversed with costs. And the cause is remanded to the circuit court, with leave to make any new parties, should that have been rendered necessary by death or otherwise, and to be finally proceeded in according to the principles above declared.